**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNETH LEE LAWSHEA,                                                        PLAINTIFF
ADC #079558

v.                                      NO. 5:13CV00001 JLH/JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                   DEFENDANTS

<u>**OPINION AND ORDER**</u>

Kenneth Lee Lawshea was convicted of capital murder in a bench trial in Mississippi County, Arkansas, and sentenced to life without parole. His conviction was affirmed by the Supreme Court of Arkansas on December 3, 2009. *Lawshea v. State*, 2009 Ark. 600, 357 S.W.3d 901. The Supreme Court of Arkansas issued its mandate on December 22, 2009.[1] On February 15, 2010, Lawshea placed in the prison mailbox system a petition for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He never received a file-marked copy of his petition, though he wrote the Circuit Clerk of Mississippi County on several occasions asking about the status of his case. Finally, on March 29, 2012, the Circuit Clerk responded to Lawshea's inquiries, informing him by letter that her office had never received a Rule 37 petition from him. On January 4, 2013, Lawshea placed in the prison mailbox system his petition under 28 U.S.C. § 2254 for writ of habeas corpus.

United States Magistrate Judge Jerome T. Kearney has issued Proposed Findings and Recommended Disposition in which he recommends that Lawshea's section 2254 petition be denied because it is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A)

---

[1] The Court has taken judicial notice of the Supreme Court docket in Lawshea's case as shown on the Arkansas Judiciary website, https://caseinfo.aoc.arkansas.gov.

and because the claims asserted by Lawshea are procedurally defaulted.  Lawshea has filed objections.

The initial question is whether Lawshea's petition filed in this Court is barred by the one-year period of limitations in section 2244(d)(1)(A).  That statute provides that a section 2254 petition must be filed within one year from the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.  Lawshea's time for seeking a writ of certiorari from the United States Supreme Court expired on March 22, 2010, so the period of limitations began to run on March 23, 2010.  That period expired on March 23, 2011.  As noted, Lawshea placed his section 2254 petition in the prison mailbox system on January 4, 2013.  By statute, the time during which a properly filed application for state post-conviction review tolls the running of the one-year period of limitations.  *See* 28 U.S.C. § 2244(d)(2).  That provision does not save Lawshea's petition in this Court, however, because his Rule 37 petition was never properly filed.  The Arkansas Supreme Court has held that Rule 37 "requires in language that is clear and unambiguous that the petition must be filed in the appropriate circuit court within ninety days of judgment."  *Hamel v. State*, 338 Ark. 769, 771, 1 S.W.3d 434, 436 (1999).  In so holding, the Supreme Court of Arkansas explicitly rejected he prison mailbox rule.  *Id.*

The period of limitations in section 2244(d)(1)(A) is also subject to equitable tolling, provided that the petitioner (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

As noted, the Circuit Clerk of Mississippi County, Arkansas, wrote a letter dated March 29, 2012, to Lawshea informing him that her office had never received his Rule 37 petition.  Assuming

that it took five or six days for that letter to reach Lawshea, sometime around April 4, 2012, he learned that his Rule 37 petition had never been filed.  Pursuant to the prison mailbox rule, his section 2254 petition was filed on January 4, 2013, some nine months later.

In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Eight Circuit decided a case that is similar to this one.  There, the prisoner had filed a Rule 37 petition that had been verified only by his lawyer, not by him, and the Arkansas Supreme Court summarily denied the petition for lack of a proper verification on November 17, 2005.  *Id*. at 893.  In rejected Nelson's claim that he was entitled to equitable tolling of the section 2244(d)(1)(A) period of limitations, the Eighth Circuit explained:

> Nelson did not file his federal habeas petition until August 21, 2006 – 277 days, or nine months – after the Arkansas Supreme Court denied rehearing.  In *Pace [v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)], the Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition.  544 U.S. at 419, 125 S. Ct. 1807.  Similarly, in *Earl v. Fabian*, the petitioner alleged "that he did not receive notice that his judgment of conviction had become final until . . . approximately seven months after the decision was rendered," but this court noted that the petitioner "still had . . . a span of approximately eight months . . . to file his habeas petition." 556 F.3d 717, 724 (8th Cir. 2009).  This court concluded that "under such circumstances [the petitioner] would not be entitled to equitable tolling." *Id.*  Further, Nelson has made no showing that some extraordinary circumstances stood in his way to prevent a timely filing.
>
> We hold that, like the petitioners in *Pace* and *Earl*, Nelson failed to pursue his rights diligently by not filing his habeas petition until nine months after the Arkansas Supreme Court denied rehearing and therefore is not entitled to equitable tolling of the statute of limitations.

*Id.*  This Eighth Circuit precedent leads to the conclusion that Lawshea is not entitled to equitable tolling because he did not pursue his rights diligently after learning that his Rule 37 petition had never been filed in the Circuit Court of Mississippi County, Arkansas.

3

**CONCLUSION**

For the reasons stated, Kenneth Lee Lawshea's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is DENIED.  No certificate of appealability will be issued.

IT IS SO ORDERED this 8th day of October, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE